# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3439

_____

David Lee Daniels,                          *
                                            *
              Appellant,                    *
                                            *   Appeal from the United States
         v.                                 *   District Court for the
                                            *   Western District of Arkansas.
Sheriff Keith Ferguson, in both his         *
individual and official capacities;         *   [UNPUBLISHED]
Corporal Jessen, in both his                *
individual and official capacities;         *
Corporal McAlester, in both his             *
individual and official capacities;         *
Officer Carson Lee, in both his             *
individual and official capacities,         *
                                            *
              Appellees.                    *

_____

Submitted: April 7, 2009
Filed: April 13, 2009

_____

Before WOLLMAN, MURPHY, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Arkansas inmate David Lee Daniels appeals the district court's[1] adverse grant of summary judgment in his 42 U.S.C. § 1983 action. Daniels alleged that, while he was a pretrial detainee under defendants' custody, he became ill and fell because Officer Lee gave him the wrong medication, and that thereafter he was deprived of food for two days, and deprived of medical care.

Upon careful de novo review, see Johnson v. Blaukat, 453 F.3d 1108, 1112 (8th Cir. 2006), we reject Daniels's arguments on appeal: (1) the district court considered Daniels's untimely objections to the magistrate judge's report and conducted de novo review, after which the court was entitled to dismiss the case based on the report, see 28 U.S.C. § 636(b)(1); (2) the undisputed evidence shows that at most, Lee acted negligently in dispensing the medication, see Alberson v. Norris, 458 F.3d 762, 765 (8th Cir. 2006) (even gross negligence is insufficient for Eighth Amendment claim), and Daniels's contention that Lee acted maliciously contradicts his earlier attestation that Lee acted inadvertently, cf. Camfield Tires, Inc. v. Michelin Tire Corp., 719 F.2d 1361, 1365-66 (8th Cir. 1983) (party cannot create trialworthy issue by filing affidavit contradicting earlier testimony unless contradiction is adequately explained); and (3) defendants' unrebutted evidence shows that after the fall, they contacted a jail nurse and placed Daniels under observation pursuant to her instructions, and there is no evidence that any named defendant was involved thereafter in the alleged deprivation of food or medical care, see Martin v. Sargent, 780 F.3d 1334, 1338 (8th Cir. 1985).

Accordingly, the judgment is affirmed. See 8th Cir. R. 47B. We also deny Daniels's appellate motions.

_____

[1]The Honorable Jimm Larry Hendren, Chief Judge, United States District Court for the Western District of Arkansas, adopting the report and recommendations of the Honorable James R. Marschewski, United States Magistrate Judge for the Western District of Arkansas.